IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNE CHADWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:12-CV-03532-TWT |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Bank of America, N.A. ("BANA"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), and hereby files its Reply in Support of its Motion to Dismiss.

## INTRODUCTION AND BACKGROUND

Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter the "Opposition"), fails to cure the pleading deficiencies of his original Complaint or First Amended Complaint ("FAC"). Plaintiff's assertions that BANA misstated and misconstrued the law and the factual allegations are false and an obvious attempt to distract the Court from the fact that all of Plaintiff's claims still fail as a matter of law or as a result of a dearth

of supporting factual allegations.[1]

Specifically, Plaintiff's wrongful foreclosure claim (Count I) still fails because: (a) Plaintiff fails to establish that BANA breached the Security Deed or otherwise failed to meet the conditions precedent; (b) BANA did not unfairly exercise the power of sale; (c) Plaintiff failed to tender the amount owning on the Loan; and (d) Plaintiff fails to allege sufficient facts to support a wrongful foreclosure claim, including but not limited to damages and causation.[2]  Plaintiff also still fails to assert sufficient facts to support a claim for breach of contract (Count III).   Finally, Plaintiff's claim for costs and attorney's fees still fails because Plaintiff does not allege sufficient facts to support such an award and all of Plaintiff's other claims fail (Count IV).

In sum, Plaintiff's FAC and Opposition have no merit, are predicated on fundamentally incorrect legal theories, and are wholly deficient.  As a result, Plaintiff has fallen far short of the necessary standard to properly set forth a claim,

---

[1]     Plaintiff withdrew Count II for civil theft by deception.  *See* Doc. No. 21, fn. 1. Accordingly, Count II must be dismissed with prejudice.

[2]     Plaintiff states that he has not asserted any fraud claims.  *See* Doc. No. 21, p. 4. Accordingly, to the extent Plaintiff's wrongful foreclosure claim or any other claim is based on a theory that BANA perpetrated fraud by purportedly promising to modify his loan or postpone foreclosure, such claims must be dismissed with prejudice.  Additionally, Plaintiff failed to respond to BANA's argument that he failed to assert sufficient facts to support his claim that the foreclosure violated his right to due process under the Georgia or United States Constitutions. Accordingly, Plaintiff has waived his right to oppose dismissal of his purported claims under the Georgia and United States Constitutions. *Fils v. City of Atlanta*, 647 F.3d 1272, 1295 (11th Cir. 2011) (failure to respond to argument constitutes abandonment of claim) (citations omitted).

and the FAC must be dismissed with prejudice.

## ARGUMENT

**I.    PLAINTIFF'S CLAIM FOR WRONGFUL FORECLOSURE STILL FAILS BECAUSE PLAINTIFF FAILS TO ASSERT ANY FACTS OR LEGAL BASIS WHICH SUPPORT SUCH CLAIMS.  (COUNT I)**

In his Opposition, Plaintiff argues that he pled all the required elements to establish a wrongful foreclosure, and that in particular, the foreclosure was wrongful because: (i) "BANA failed to strictly comply with the security's deed's conditions precedent" before accelerating the debt and foreclosing; (ii) "BANA unfairly exercised the power of sale by 'dual-tracking' the loan"; (iii) the tender requirement does not apply; and (iv) Plaintiff established that his damages were causally related to the foreclosure.   Doc. No. 21, pp. 3-15.  However, Plaintiff's wrongful foreclosure claim based on all of these theories fails because: (a) Plaintiff fails to establish that BANA breached the Security Deed or otherwise failed to meet the conditions precedent; (b) BANA did not unfairly exercise the power of sale; (c) Plaintiff failed to tender the amount owning on the Loan; and (d) Plaintiff fails to allege sufficient facts to support a wrongful foreclosure claim, including but not limited to damages and causation.   Accordingly, Plaintiff's wrongful foreclosure claim must be dismissed with prejudice.

**A.   Plaintiff's Wrongful Foreclosure Claim Fails Because Plaintiff Fails to Allege Sufficient Facts to Support His Theory that BANA Breached the Security Deed.**

Plaintiff alleges that the foreclosure was wrongful because BANA failed to comply with Paragraphs 19 and 22 of the Security Deed.  Doc. No. 21, pp. 5-7. Plaintiff discusses how these Paragraphs are mandatory requirements, and then concludes that he alleged "sufficient facts on which to conclude that BANA breached its duty of strict compliance with the security deed under O.C.G.A. § 23-2-114."  *Id.*  However, Plaintiff has failed to establish sufficient facts to support a breach – merely declaring that such facts were pled does not make it so.  *See* Doc. No. 16-1, pp. 17-21, and Section II, infra.

**B.   Plaintiff Fails to Establish that BANA Failed to Comply With the Power of Sale Due to "Dual-Tracking."**

In his Opposition, Plaintiff expounds on his theory in his FAC that BANA failed to fairly exercise the power of sale and violated the National Mortgage Settlement ("NMS") by pursing foreclosure while also reviewing Plaintiff for a loan modification, a process he dubs "dual-tracking."  Doc. No. 21, pp. 7-11. However, Plaintiff concedes that BANA's purported failure to modify his Loan cannot support any claim for relief.  *See* Doc. No. 21, p. 4 ("Chadwick hasn't claimed that BANA's refusal to modify his loan was actionable.  Chadwick hasn't claimed that BANA perpetrated a fraud.").

4

Moreover, Plaintiff fails to assert any statute or case law prohibiting "dual-tracking" *at the time of the events alleged in the Complaint*.   The foreclosure occurred on September 28, 2011 - six months prior to the NMS being entered.   As discussed in BANA's Motion to Dismiss, the NMS was not entered until April 5, 2012, and it is not retroactive.   Doc. No. 16-1, p. 22.   Further, Plaintiff is not a party to the NMS, and there is no private right of action under the NMS.   *Id.* Thus, Plaintiff's "dual-tracking" theory cannot support his wrongful foreclosure claim.

## C.   Plaintiff's Wrongful Foreclosure Claim Fails Because He Failed to Tender.

In his Opposition, Plaintiff contends that the tender requirement does not apply because (i) BANA rejected his tender; and (ii) Plaintiff seeks monetary damages only.   However, Plaintiff has not alleged any facts to support his theory that BANA rejected tender or that the tender rule does not apply in this case.

First, Plaintiff fails to show that any exceptions to the tender rule apply due to BANA's purported rejection of his tender.   This theory is purportedly based on Paragraphs 21-23 of the FAC, in which Plaintiff alleges that on or about February 18, 2010 he "had sufficient funds to bring his account current," but that BANA refused to accept these funds.   Doc. No. 21, p. 11.   However, this purported tender was only an offer to bring his loan current – not one to pay the entire amount owing on the loan.   Moreover, this purported tender offer occurred almost two

years prior to the foreclosure.  Plaintiff cannot reasonably claim that he "believed that [tender] . . . would be refused and unnecessary" based on a single purported telephone call regarding bringing his account current that occurred almost two years prior to the foreclosure sale.

Second, the fact remains that Plaintiff has not tendered the amount owing on the Loan or made any attempt to do so.  There was nothing preventing him from tendering the amount due to BANA or into the Court to comply with the tender rule prior to the foreclosure.  Plaintiff contends that he is seeking a money judgment only, and accordingly, the tender rule does not apply.  However, in addition to monetary damages, Plaintiff seeks "such other and further relief as the Court may deem *equitable and just . . . ."*  Doc. No. 1, p. 32.  Equitable relief may be awarded in a wrongful foreclosure cases.  *See e.g. Smith v. Citizens & S. Fin. Corp.,* 245 Ga. 850, 850-852 (1980).  However, "to seek *any relief* regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan."  *Mortan v. Suntrust Mortgage, Inc.,* 2010 U.S. Dist. LEXIS 128839, *29 (N.D. Ga., Nov. 5, 2010) (citing *Taylor v. Wachovia Mortgage Corp.,* 2009 U.S. Dist. LEXIS 118322, *11, fn. 6 (N.D. Ga. Jan. 2, 2009)) (emphasis added). Plaintiff has failed to tender the amount owing, and accordingly, his wrongful foreclosure claim cannot survive this Motion to Dismiss.

6

### D.    Plaintiff Fails to Allege Sufficient Facts to Show that His Purported Damages are Causally Related to Any Purported Conduct of BANA.

Plaintiff contends he plead sufficient facts to support the causation and damages elements of a wrongful foreclosure because he asserted that he was entitled to the difference between the market value and the "unlawful foreclosure sale [price]." Doc. No. 21, p. 15.  BANA concedes that one method of calculating damages for a wrongful foreclosure is the difference between the sales price and the fair market value.  However, Plaintiff must prove that BANA conducted a wrongful foreclosure that resulted in those damages.  As discussed in BANA's Motion to Dismiss and throughout this Reply, BANA had authority to foreclose and exercised the power of sale fairly in compliance with Georgia law.  *See gen.* Doc. No. 16-1.[3]

Furthermore, Plaintiff defaulted on his Loan, and ***failure to make the proper loan payments defeats any wrongful foreclosure claim because any damages Plaintiff sustained are due to his own default, not the actions of BANA.***  See *Heritage Creek Dev. Corp. v. Colonial Bank,* 268 Ga. App. 369, 370-371 (2004)

---

[3]    Additionally, although not directly addressed in Plaintiff's Opposition, Plaintiff is not entitled to damages for breach of the duty to fairly exercise the power of sale as he fails to sufficiently allege that the sales price was grossly inadequate or that the sale was accompanied by fraud, mistake, misapprehension, surprise, or other circumstances. *See* Doc. No. 16-1, pp. 25-28.

("Heritage Creek's alleged injury was solely attributable to its own acts or omission both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale.); *Warque v. Taylor, Bean & Whitaker Mortgage Corp.*, 2010 U.S. Dist. LEXIS 142129, at \*14-15 (N.D. Ga. July 30, 2010) ("the foreclosure was caused by plaintiff's failure to make payments on the loan."); *see also Fenello v. Bank of Am., N.A.*, Case No. 1:11-cv-4139-WSD (N.D. Ga. July 17, 2012) (Docket No. 24, fn. 15, p. 31) (denying plaintiff's fraud claim based on reasoning analogous to that of the causation analysis for a wrongful foreclosure claim and holding that Plaintiff' default caused their damages not any fraud of Defendant).

Foreclosure was the inevitable result of Plaintiff's own default, not any purported wrongdoing by BANA in foreclosing on the Property. Plaintiff cannot hold Defendant liable for his own failure to pay his mortgage. Therefore, Plaintiff's wrongful foreclosure claim must be dismissed with prejudice.

## II.  PLAINTIFF STILL FAILS TO ASSERT SUFFICIENT FACTS TO SUPPORT A CLAIM FOR BREACH OF CONTRACT. (COUNT III)

In his opposition, Plaintiff asserts two alternate theories of breach of contract that: (1) BANA breached the Security Deed by foreclosing after refusing to accept Plaintiff's tender; and (2) BANA breached the Security Deed by foreclosing without first meeting the requirements of Paragraphs 19 and 22 of the Security

Deed.  Doc. No. 21, pp. 5-7, 16-23.  However, as discussed in detail in BANA's Motion to Dismiss, Plaintiff fails to assert sufficient facts to support a breach of contract claim under any theory.

In order to establish a viable breach of contract claim, a plaintiff must establish: (1) its own performance under the contract; (2) that defendant breached the contract; and (3) that the breach caused the plaintiff harm. Jones v. Central Builders Supply Co., Inc., 217 Ga. 190, 195-96, 121 S.E.2d 633, 638 (1961) (citations omitted).  Here, Plaintiff fails to assert sufficient facts to support any of these elements.

First, Plaintiff repeats his allegations that BANA breached Paragraphs 19 and 22 by failing to notify Plaintiff of the acceleration of the loan and failing to provide Plaintiff with an opportunity to cure.  Doc. No. 21, pp.16-17.  As discussed in BANA's Motion to Dismiss, Paragraph 19 does not require that BANA provide Plaintiff with an opportunity to cure prior to acceleration.  Doc. No. 16-1, pp. 17-19. Rather, this Paragraph applies only *after* acceleration, and only if Plaintiff pays the entire amount outstanding on the Loan.  *Id.*  As discussed in Section I, (C), supra, Plaintiff has failed to tender the amount owing on the Loan.  Accordingly, Plaintiff cannot establish any breach of Paragraph 19.  Plaintiff also cannot establish any breach of Paragraph 22, because BANA met all of the requirements

under Paragraph 22 as evidenced by the letters dated June 30, 2011, July 6, 2011, and July 26, 2011.  *See* Doc No. 16-1, pp. 19-21; Doc. No. 1-1, p. 18; Doc. No. 16-4; Doc. No. 16-5.[4]

Second, in terms of damages, Plaintiff repeats his broad conclusion that he is entitled to the difference between the fair market value and the sales price.  Doc. No. 21, pp. 19-20.   As discussed throughout this Reply and BANA's Motion to Dismiss, Plaintiff fails to establish any wrongdoing by BANA upon which damages could be awarded.   *See gen.* Doc. No. 16-1.[5]

Finally, Plaintiff contends that he is excused from the performance element of establishing his breach of contract claim because his failure to tender, and thus comply with Paragraph 19, is due to BANA's conduct i.e. BANA's refusal to accept tender.  Doc. No. 21, p. 20-23.  As discussed in Section I(C), supra, Plaintiff never attempted to tender the full amount – just the amount to make the account

---

[4]      Plaintiff conveniently omits and fails to attach to his FAC or Opposition the Notices of Intent to Accelerate ("Notices") that BANA sent to Plaintiff on May 18, 2009, August 17, 2009, October 19, 2009, January 19, 2010, and February 8, 2010, which provide the information required by Paragraph 22, and also inform Plaintiff of his right to reinstate under Paragraph 19. *See* Doc. No. 16-1, fn. 7 (; Doc. No. 16-6.

[5]      Plaintiff includes a paragraph in his Opposition regarding standing, and asserts that he has standing to bring the breach of contract claim because he owns the Property.  Doc. No. 21, p. 20.  First, the property was sold at the foreclosure sale, so Plaintiff does not own the Property. Second, the only mention in BANA's Motion to Dismiss of standing is the fact that Plaintiff lacks standing to bring a wrongful foreclosure claim because he failed to tender the amount owing on the Loan. *See* Section I(C), supra. BANA did not assert a standing argument as part of its Motion to Dismiss the breach of contract claim.  Accordingly, BANA will not respond to this nonsensical paragraph.

current, and this occurred almost two years prior to the foreclosure. The bottom line is that Plaintiff fails to establish any wrong-doing on the part of BANA that would excuse his performance or entitle him to relief.

## IV. PLAINTIFF'S CLAIM FOR COSTS AND ATTORNEY'S FEES STILL FAILS BECAUSE AGAIN PLAINTIFF DOES NOT ALLEGE ANY FACTS TO SUPPORT SUCH AN AWARD AND ALL OF HIS OTHER CLAIMS STILL FAIL. (COUNT IV)

In his Opposition, Plaintiff concludes he is entitled to fees and expenses because BANA acted in bad faith and sold his home at a "grossly inadequate price." Doc. 21, p. 24. As argued in BANA's Motion to Dismiss, and incorporated herein, Plaintiff is not entitled to fees or costs because he fails to allege sufficient facts to support such an award and all of his claims fail. *See* Doc. No. 16-1, pp. 30-31.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, this Court should grant BANA's Motion to Dismiss pursuant to Rule 8(a) and Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

[signature on following page]

11

This 11th day of February, 2013.

                                    /s/ Jarrod S. Mendel
                              Jarrod S. Mendel
                              Georgia Bar No. 435188
                              Andrew G. Phillips
                              Georgia Bar No. 575627
                              McGuireWoods LLP
                              1230 Peachtree Street, NE
                              Promenade II, Suite 2100
                              Atlanta, Georgia  30309-3534
                              (404) 443-5713 (Telephone)
                              (404) 443-5687(Facsimile)
                              jmendel@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAYNE CHADWICK,                    )
                                   )
        Plaintiff,                 )
                                   )        CIVIL ACTION FILE
v.                                 )        NO. 1:12-CV-03532-TWT
                                   )
BANK OF AMERICA, N.A.              )
                                   )
        Defendant.                 )
_____ )

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on February 11, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                         _____/s/ Jarrod S. Mendel_____
                         Jarrod S. Mendel

13