IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAYNE CHADWICK,

    Plaintiff,

      v.

BANK OF AMERICA, N.A.,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3532-TWT

## OPINION AND ORDER

This is an action for wrongful foreclosure. It is before the Court on the
Plaintiff's Motion for Partial Summary Judgment Regarding Certain of Defendant's
Affirmative Defenses [Doc. 65], the Defendant's Motion for Summary Judgment
[Doc. 67], the Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment
[Doc. 72], and the Plaintiff's Motion to Strike the Summary Judgment Affidavit of
BriAnna May [Doc. 73]. For the following reasons, the Plaintiff's Motion for Partial
Summary Judgment is DENIED. The Defendant's Motion for Summary Judgment
is GRANTED. The Plaintiff's Motion to Strike Defendant's Motion for Summary
Judgment is DENIED, and the Plaintiff's Motion to Strike the Summary Judgment
Affidavit of BriAnna May is DENIED.

# I. Background

In May of 2003, Plaintiff Wayne Chadwick was the owner of the home at 4725 Spot Road in Cumming, Georgia.[1] On May 9, 2003, the Plaintiff obtained a loan from GreenPoint Mortgage Funding, Inc., by executing a promissory note for $157,000 in order to refinance his existing mortgage loan.[2] The Plaintiff also executed a Security Deed conveying title in the property to Mortgage Electronic Registration Systems ("MERS").[3] On March 6, 2010, MERS assigned all interest in the Security Deed to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, which is now Bank of America, N.A. ("BANA").[4] BANA was also the servicer of the loan at all times relevant to this litigation.[5]

In 2009, the Plaintiff defaulted on the loan by failing to make three consecutive monthly payments.[6] The Plaintiff admits that he defaulted because he was unable to

---

[1]     Pl.'s Statement of Each Add'l Material Fact That Presents a Genuine Issue for Trial ¶¶ 1, 2 [hereinafter, "Pl.'s Statement of Facts"].

[2]     Def.'s Statement of Undisputed Material Facts ¶ 1.

[3]     <u>Id.</u> ¶ 2.

[4]     <u>Id.</u> ¶ 5.

[5]     <u>Id.</u> ¶ 6.

[6]     <u>Id.</u> ¶ 7.

pay.[7] BANA sent the Plaintiff Notices of Intent to Accelerate the loan on May 18, 2009, August 17, 2009, and October 19, 2009.[8] By February of 2010, the Plaintiff was in arrears on his loan by an amount of $5,252.78 and BANA sent another Notice of Intent to Accelerate on February 8, 2010.[9] Both the Plaintiff and the Defendant agree that each Notice contained the information required under Paragraph 22 of the Security Deed.[10] Specifically, they provided notice of the default, the action required to cure the default, a date not less than 30 days from the date of the notice by which the default had to be cured, that failure to cure could result in acceleration of the loan and sale of the property, and that the Plaintiff had the right to reinstate the loan after acceleration.[11]

Under the February 2010 Notice, the Plaintiff had until March 10, 2010, to cure his default.[12] After that Notice, the Plaintiff made one payment of $1,005.29 on

---

[7]     Chadwick Dep. at 22, 25.

[8]     Def.'s Statement of Undisputed Material Facts ¶ 9; Pl.'s Statement of Facts ¶¶ 13, 16, 19.

[9]     Def.'s Statement of Undisputed Material Facts ¶¶ 9, 11; Pl.'s Statement of Facts ¶¶ 22, 23.

[10]     Pl.'s Statement of Facts ¶¶ 14, 17, 20, 23.

[11]     Def.'s Statement of Undisputed Material Facts ¶ 10.

[12]     Id. ¶ 11.

February 26, 2010.[13] The Plaintiff admits that he did not tender the full $5,252.78 owed on his loan as of February 2010.[14] He claims, however, that he called BANA and offered to pay the full amount, but was told that it would not be accepted.[15] The Defendant disputes this assertion, claiming that it never informed the Plaintiff that his tender would not be accepted.[16]

After the Plaintiff failed to cure the default, the Defendant retained McCalla Raymer to conduct a non-judicial foreclosure sale of the property.[17] Initially, a foreclosure sale was scheduled for June 1, 2010, but the Plaintiff applied for a loan modification in May of 2010.[18] The investor, Federal National Mortgage Association ("Fannie Mae"), approved postponement of the June 2010 sale pending review of the Plaintiff's loan modification.[19] No modification review occurred in 2010 because the Plaintiff filed for bankruptcy.[20] After dismissal of his bankruptcy petition, the Plaintiff

---

[13]   Id. ¶ 13.

[14]   Id. ¶ 14; Chadwick Dep. at 23.

[15]   Chadwick Dep. at 38.

[16]   Def.'s Statement of Undisputed Material Facts ¶ 15.

[17]   Id. ¶ 16.

[18]   Id. ¶ 17.

[19]   Id. ¶ 18.

[20]   Id. ¶ 20.

again applied for a loan modification in April of 2011.[21] The Defendant received some, but not all of the documents necessary to complete a modification review.[22]

Subsequently, on June 30, 2011, McCalla Raymer sent the Plaintiff a letter advising that the full debt was due to BANA, that he could contact McCalla Raymer for reinstatement and payoff information, and that he had 30 days to dispute the debt or request verification of the debt.[23] On July 6, 2011, McCalla Raymer sent the Plaintiff a second letter, which detailed several options available to cure his default, including a repayment plan and loan modification.[24] McCalla Raymer then sent a Notice of Foreclosure Sale on July 26, 2011,[25] and published a notice of sale in the Forsyth County legal organ for four consecutive weeks prior to the September 6, 2011 foreclosure sale date.[26] BANA requested that Fannie Mae postpone the September 6 sale, but Fannie Mae did not grant that request.[27]

---

[21]     Id. ¶ 21.

[22]     Id. ¶ 22.

[23]     Id. ¶ 23.

[24]     Id. ¶ 24; Reyes Dep. Ex. 11.

[25]     Def.'s Statement of Undisputed Material Facts ¶ 25.

[26]     Id. ¶ 26.

[27]     Id. ¶ 27.

The property was sold at a public foreclosure sale on September 6, 2011.[28]

BANA was the highest bidder at $171,795.34, which represented the Plaintiff's indebtedness on the loan.[29] The Defendant admits that the fair market value of the property at the time of the foreclosure sale was at least $283,000 to $284,000.[30] On September 28, 2011, BANA recorded a special warranty deed transferring all interest in the property to Fannie Mae.[31] On August 30, 2012, the Plaintiff and Fannie Mae filed a Consent Final Judgment and Writ of Possession, which granted Fannie Mae a writ of possession effective September 15, 2012.[32]

---

[28]    Def.'s Statement of Undisputed Material Facts ¶ 35.

[29]    Id. ¶¶ 35, 36.

[30]    Def.'s Resp. to Pl.'s Statement of Facts ¶ 104.

[31]    Def.'s Statement of Undisputed Material Facts ¶ 37.

[32]    Id. ¶ 38.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[33] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[34] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[35] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[36] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[37]

---

[33]  FED. R. CIV. P. 56(c).

[34]  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[35]  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[36]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[37]  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III. Discussion

### A.    The Defendant's Motion for Summary Judgment

#### 1.    The Plaintiff's Motion to Strike the Defendant's Entire Motion

As a threshold matter, pursuant to its Order granting the Defendant's Motion for Leave to File Excess Pages [Doc. 71], this Court denies the Plaintiff's Motion to Strike the Defendant's Motion for Summary Judgment.

#### 2.    The Plaintiff's Motion to Strike the Affidavit of BriAnna May

In support of its Motion for Summary Judgment, BANA offered the Affidavit of BriAnna May. The Plaintiff moves to strike the Affidavit [Doc. 73], claiming that Ms. May was a "surprise witness," and that her testimony is based on inadmissible hearsay.[38] Pursuant to the 2010 Amendments to the Federal Rules of Civil Procedure, motions to strike are not a proper method for challenging the admissibility of evidence on summary judgment.[39] Instead, a party should object to the evidence, and the court will determine which evidence is inadmissible. The court may then disregard it.[40] Before considering the Defendant's Motion for Summary Judgment, this Court must therefore determine whether it may properly consider Ms. May's Affidavit.

---

[38]    Br. in Supp. of Pl.'s Mot. to Strike the Aff. of BriAnna May, at 1.

[39]    FED. R. CIV. P. 56 advisory committee's note of 2010.

[40]    FED. R. CIV. P. 56(c)(2).

Generally, evidence that would be inadmissible at trial may not be considered on a motion for summary judgment.[41] Regarding surprise witnesses, the court has discretion to exclude their testimony *at trial* after considering the importance of the testimony, the reason for the failure to disclose, and the prejudice to the other party.[42] Additionally, affidavits must be based on personal knowledge.[43] Hearsay evidence may be considered only if it can be reduced to admissible form at trial.[44]

### a.    Ms. May is not a Surprise Witness

The Plaintiff contends that he is prejudiced by the Defendant's use of Ms. May's Affidavit in support of its Motion for Summary Judgment because he did not depose Ms. May.[45] The Plaintiff undercuts his own argument, however, by attaching to his Motion to Strike BANA's First Supplemental Responses to Plaintiff's First Set

---

[41]    Fed. R. Civ. P. 56(c)(4); Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007).

[42]    R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist., 165 F.3d 812, 818 (11th Cir. 1999).

[43]    Fed. R. Civ. P. 56(c)(4).

[44]    Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (quoting Macuba v. DeBoer, 193 F.3d 1316, 1323 (11th Cir. 1999)); McMillian v. Johnson, 88 F.3d 1573, 1584-85 (11th Cir. 1996), aff'd sub nom. McMillian v. Monroe Cnty., Ala., 520 U.S. 781 (1997).

[45]    Br. in Supp. of Pl.'s Mot. to Strike the Aff. of BriAnna May, at 13-14.

of Interrogatories, which were verified by Ms. May on February 21, 2014.[46] The

Plaintiff therefore had notice of Ms. May's knowledge of the case as early as

February, giving ample time to depose her before discovery ended in May. Ms. May

is not a surprise witness and allowing her testimony does not prejudice the Plaintiff.

### b.    Hearsay

The Plaintiff objects to Ms. May's Affidavit on the grounds the Defendant

failed to provide notice of intent to offer business records under Federal Rule of

Evidence 902(11), and claims that even if notice had been provided, the affidavit is

based on inadmissible hearsay.[47] For the reasons that follow, this Court finds that the

evidence can be reduced to an admissible form at trial and will consider it in ruling on

the pending motion for summary judgment.

First, the Plaintiff's argument under Rule 902(11) is without merit. That Rule

provides a method for self-authentication of certain documents, including business

records.[48] Under Rule 902(11), business records may be offered at trial through the

certification of a custodian in lieu of presenting live foundational testimony.[49] Before

---

[46]    Id. at Ex. C, p. 12.

[47]    Pl.'s Mot. to Strike the Aff. of BriAnna May, at 1.

[48]    FED. R. EVID. 902(11).

[49]    Id.; see also FEDERAL COURTROOM EVIDENCE § 902.11 (4th ed.).

presenting records through a certification, a party must give notice.[50] Notice is not

required for all business records, simply those being authenticated without live

testimony.[51] Because live testimony is not used on a motion for summary judgment

the same way as at trial, it follows that Rule 902(11) does not apply in the way the

Plaintiff argues.

Additionally, even if BANA were attempting to authenticate the records under

Rule 902(11), the notice provisions could be met during trial.[52] In fact, the notice

required is only enough to give the other party a fair opportunity to challenge the

certification – there is no specific time requirement.[53] Given the Eleventh Circuit's

directive that evidence may be considered on summary judgment as long as it can be

presented in admissible form at trial,[54] Ms. May or another BANA employee could

---

[50]     FED. R. EVID. 902(11).

[51]     Id.; see also FEDERAL COURTROOM EVIDENCE § 902.11.

[52]     FEDERAL COURTROOM EVIDENCE § 902.11 ("Thus, it appears that, in the absence of a directive from the court, notice may be given during trial before the records would be offered.").

[53]     Id.

[54]     Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (quoting Macuba v. DeBoer, 193 F.3d 1316, 1323 (11th Cir. 1999)); McMillian v. Johnson, 88 F.3d 1573, 1584-85 (11th Cir. 1996), aff'd sub nom. McMillian v. Monroe Cnty., Ala., 520 U.S. 781 (1997).

prepare a certification prior to trial or testify on the stand to the foundational elements to admit business records.

Furthermore, there are no authenticity issues with the records presented in the May Affidavit. Discovery responses are generally considered self-authenticating in their own right.[55] All seven of the attachments to Ms. May's Affidavit were produced during discovery. In fact, three of the documents are exhibits to the Plaintiff's Complaint: the Security Deed (Attachment 1),[56] the Assignment of the loan (Attachment 3),[57] and the Deed Under Power (Attachment 7).[58] Attachment 1, the Plaintiff's Promissory Note, is referenced in the Plaintiff's Statement of Material Facts Presenting Issues for Trial and the Defendant admitted that it is genuine.[59] The Plaintiff admits that the Notices of Intent to Accelerate (Attachment 5) are the ones that he received.[60] Attachment 4, the Loan Payment History, was produced in

---

[55]     11 James Wm. Moore et al., Moore's Federal Practice § 56.92 (Matthew Bender 3d ed. 2014).

[56]     Pl.'s Compl., Ex. A.

[57]     Pl.'s Compl., Ex. B.

[58]     Pl.'s Compl., Ex. F.

[59]     Pl.'s Statement of Facts ¶ 6.

[60]     Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ¶ 12.

discovery and utilized by the Plaintiff when taking the deposition of Luis Reyes.[61] The

Loan Servicing Notes, Attachment 6, were also produced in discovery and used by the

Plaintiff in the Deposition of Luis Reyes.[62]

With regard to admissibility of the documents and Ms. May's statements, Ms.

May provides the foundation required by Federal Rule of Evidence 803(6). Rule

803(6) requires that business records (1) be made at or near the time of the activity by

someone with knowledge (or from information transmitted by someone with

knowledge), (2) be kept in the course of regularly conducted activity, (3) be made as

a regular practice, and (4) not indicate a lack of trustworthiness.[63] The records must

be introduced by a custodian, qualified witness, or be accompanied by a Rule 902

certification.[64] The court has broad discretion in deciding whether to admit business

records.[65]

_____

[61]     Reyes Dep., Ex. 50.

[62]     Id. Ex. 51.

[63]     FED. R. EVID. 803(6).

[64]     Id.

[65]     Allen v. Safeco Ins. Co. of Am., 782 F.2d 1517, 1519 (11th Cir. 1986)
(citing Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir. 1980)).

Ms. May states in her affidavit that she is familiar with BANA's books and records as well as its record keeping policies.[66] She goes on to state the foundation required by Rule 803(6).[67] The Court finds no circumstances indicating such a lack of accuracy in any of BANA's records as to refuse to consider them on summary judgment. There are, as the Plaintiff has pointed out, discrepancies between documents. Discrepancies create factual issues for trial, but in this case, they do not create such concerns as to make the evidence inadmissible. Rather, they go to the weight of the evidence. The Plaintiff's Motion to Strike is denied and this Court will consider evidence from Ms. May's affidavit in deciding the Defendant's Motion for Summary Judgment.

### 3.    The Merits of the Defendant's Motion

### a.    Wrongful Foreclosure

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and

---

[66]    May Aff. ¶ 3.

[67]    Id. ¶ 3(b)-(e).

damages."[68] A foreclosing party has a duty to exercise the power of sale fairly and in

good faith.[69] The Plaintiff claims that the Defendant breached this duty by pursuing

a loan modification and foreclosure at the same time and by failing to give notice of

strict compliance with the contract after alleged deviation.

The Plaintiff argues that the Defendant breached its duty to act in good faith by

proceeding with foreclosure while also allowing the Plaintiff to pursue a loan

modification.[70] Precedent from this Court, however, does not require a bank to

respond to a loan modification request prior to foreclosure.[71] In fact, seeking a loan

modification is not enough to give the Plaintiff a cause of action for wrongful

---

[68]    Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted).

[69]    Id.; see also O.C.G.A. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised.").

[70]    Id. at 20.

[71]    Watts v. Bank of N.Y. Mellon, N.A., No. 1:13-cv-2701-TWT, 2014 WL 695222, at *3 (N.D. Ga. Feb. 21, 2014). The Plaintiff cites the National Mortgage Settlement and RESPA as condemning the practice of dual tracking, but fails to cite any precedent from this jurisdiction that forbids pursuing modification and foreclosure at the same time.

foreclosure.[72] Additionally, seeking a loan modification does not excuse the Plaintiff from his obligation to pay under the Note and Security Deed.[73]

Both the Plaintiff and the Defendant agree that the Plaintiff failed to pay the amount due on his loan.[74] Further, the Plaintiff did not make any payments after February of 2010.[75] It is without question that the Plaintiff sought a loan modification in April of 2011.[76] Normally, the Plaintiff's failure to tender the amount due on the loan would be a complete bar to recovery for wrongful foreclosure.[77] Without tender by the Plaintiff, it generally cannot be said that the bank caused any damages – the plaintiff instead causes his own damages by failing to pay.[78] Where the bank makes some affirmative statement that induces the plaintiff to stop making payments,

---

[72] Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013).

[73] Freeman v. Wells Fargo Bank, N.A., No. 1:12-cv-2854-RWS, 2013 WL 2637121, at *4 (N.D. Ga. June 11, 2013).

[74] Def.'s Statement of Undisputed Material Facts ¶¶ 7, 8, 13, 14, 15.

[75] Id. ¶¶ 13, 14.

[76] Id. ¶ 21.

[77] Moore, 916 F. Supp. 2d at 1343 ("[T]o seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan.").

[78] Freeman, 2013 WL 2637121, at *3.

however, a claim for wrongful foreclosure may stand.[79] In <u>Joseph</u>, for example, the

bank told the plaintiff in writing to stop making payments in order to receive a loan

modification.[80] There, a claim for wrongful foreclosure existed because the bank failed

to exercise its power of sale fairly and in good faith by telling the plaintiff to stop

making payments but then foreclosing anyway.[81] Similarly, in <u>Stimus v. CitiMortgage,</u>

<u>Inc.</u>,[82] repeated oral assurances from the bank that a modification would be granted

were sufficient to sustain the plaintiff's wrongful foreclosure claim. In this case, the

bank did nothing to prevent the Plaintiff from making payments on his loan.

Furthermore, the Plaintiff asserts that the sales price was grossly inadequate and

accompanied by circumstances allowing a claim for wrongful foreclosure. The

Georgia Court of Appeals has held that this theory stands "only when the price

realized is grossly inadequate *and* the sale is accompanied by either fraud, mistake,

misapprehension, surprise or other circumstances which might authorize a finding that

---

[79]   <u>See, e.g.</u>, <u>Joseph v. Federal Home Loan Mortgage Corp.</u>, No. 1:12-cv-01022-RWS, 2012 WL 5429639, at *3 (N.D. Ga. Nov. 6, 2012) (allowing a claim for wrongful foreclosure where the defendant had given written notice to the plaintiff to stop making payments in order to receive a loan modification).

[80]   <u>Id.</u>

[81]   <u>Id.</u>

[82]   No. 5:10-cv-435 MTT, 2011 WL 2610391, at *5 (M.D. Ga. July 1, 2011).

such circumstances contributed to bringing about the inadequacy of price."[83] In this case, the bank bid the total of the outstanding indebtedness. There is no evidence of fraud or any other conduct by the bank that would depress the bidding at the foreclosure sale.

The Plaintiff also claims that BANA was required to give a new notice of acceleration after it accepted a late partial payment. This theory does not survive summary judgment. The Plaintiff is correct that O.C.G.A. § 13-4-4 does provide that where parties mutually depart from the terms of a contract and pay or receive money under the departure, notice must be given in order to rely on the strict terms of the original contract.[84] For O.C.G.A. § 13-4-4 to apply, however, there must be *mutual* departure from the terms of the contract.[85] There is no evidence showing mutual disregard of the contract here. In fact, as the Defendant points out, Paragraph 1 of the Security Deed, the contract from which the Plaintiff claims the parties departed, specifically states that "Lender may accept any payment or partial payment

---

[83]     Brown v. Freedman, 222 Ga. App. 213, 215 (1996).

[84]     O.C.G.A. § 13-4-4 (2014).

[85]     See id. ("Mutual temporary disregard of contract."); Phillips v. Ocwen Loan Servicing, LLC, No. 1:12-cv-3861-WSD, 2013 WL 4854760, at *6 (N.D. Ga. Sept. 11, 2013) (citing Crawford v. First Nat'l Bank of Rome, 137 Ga. App. 294 (1976)) (noting the mutual disregard requirement).

insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future."[86] Given the express terms of the contract, the Defendant did not deviate from the terms – it simply accepted payments as allowed to do. Because there was no mutual deviation from the contract, the Plaintiff's theory cannot stand.

Additionally, the Plaintiff claims that BANA breached his constitutional rights, giving rise to a claim for wrongful foreclosure. The Georgia Supreme Court has held that the foreclosure procedure in Georgia is not subject to an attack on constitutional due process grounds because it is a private property matter involving no state action.[87] The Plaintiff's constitutional claim therefore fails as a matter of law.

**b.      Breach of Contract**

The Plaintiff has failed to present any evidence creating a genuine dispute of material fact on his claim for breach of contract. The Plaintiff claims breaches of Paragraphs 19 and 22 of the Security Deed. As to Paragraph 22, the Plaintiff admits that all four Notices of Intent to Accelerate contain the information required under

---

[86]      Def.'s Mot. for Summ. J., Ex. C, p. 4, ¶ 1.

[87]      Parks v. Bank of N.Y., 279 Ga. 418, 419 (2005).

Paragraph 22.[88] These notices were all sent before BANA accelerated the balance of the loan. The Plaintiff relies on a recent Georgia Court of Appeals' decision to support his breach of contract claim based on Paragraph 22.  But in <u>BAC Home Loans Servicing v. Wedereit</u>, the case the Plaintiff cites, summary judgment was proper where the defendant showed no evidence of *pre-acceleration* notice.[89] Unlike in <u>BAC</u>, pre-acceleration notice was given here and all four Notices of Intent to Accelerate are in the record. There is no evidence whatsoever that the Defendant breached Paragraph 22 of the Security Deed. Additionally, the Plaintiff has presented no evidence of a breach of Paragraph 19. Summary judgment on the Plaintiff's claim for breach of contract is granted.

### c.    Attorney's Fees

Attorney's fees are recoverable under Georgia law when the "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."[90] "Bad faith is bad faith connected with the transaction and dealings out of which the cause of action arose, rather than bad faith

---

[88]    Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ¶ 12; Chadwick Dep. at 28, 29, 30, 31.

[89]    759 S.E.2d 867, 871 (Ga. Ct. App. 2014).

[90]    O.C.G.A. § 13-6-11.

in defending or resisting the claim after the cause of action has already arisen."[91] "Bad faith requires more than 'bad judgment' or 'negligence,' rather the statute imports a 'dishonest purpose' or some 'moral obliquity' and implies 'conscious doing of wrong' and a 'breach of known duty through some motive of interest of ill will.'"[92] Given the failure of the Plaintiff's substantive claims, the claim for attorney's fees fails as well.

**B.  The Plaintiff's Motion for Partial Summary Judgment**

The Plaintiff moves for partial summary judgment as to most of the Defendant's affirmative defenses. This motion is now moot.

---

[91]  <u>Lewis v. D. Hays Trucking, Inc.</u>, 701 F. Supp. 2d 1300, 1313 (N.D. Ga. 2010) (internal quotation marks omitted).

[92]  <u>Id.</u>

# IV. Conclusion

For the reasons set forth above, the Plaintiff's Motion for Partial Summary Judgment [Doc. 65] is DENIED. The Defendant's Motion for Summary Judgment [Doc. 67] is GRANTED. The Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [Doc. 72] is DENIED, and the Plaintiff's Motion to Strike the Summary Judgment Affidavit of BriAnna May [Doc. 73] is DENIED.

SO ORDERED, this 9 day of September, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge